### LINDER *et al. vs.* SANDERS, for use.

S. obtained a common law judgment against F., and caused the *fi. fa.* issued thereunder to be levied on certain cotton. L. foreclosed a landlord's lien for rent against F., and caused it to be levied on the cotton. F. replevied the property levied on, giving a forthcoming bond with L. as surety thereon. On the day of sale, the property was not forthcoming, and the constable, to whom the bond was payable, brought his action for the use of S. and recovered judgment against F. as principal and L. as surety. L. paid the money due on the judgment to the sheriff, and gave him notice that he claimed it on his lien for rent, which had been foreclosed: *Held*, that on a rule to distribute the fund, it was properly awarded to S. in preference to the lien of L.

March 30, 1886.

Liens. Principal and Surety. Forthcoming Bond. Landlord and Tenant. Judgments. Before Judge LUMP-KIN. Hart Superior Court. September Term, 1885.

Reported in the decision.

J. H. SKELTON; McCURRY & PROFFITT, by J. H. LUMPKIN, for plaintiffs in error.

F. B. HODGES; JOHN P. SHANNON, for defendant.

BLANDFORD, Justice.

Schaefer obtained a common law judgment against Milton Fuller, and caused the sum to be levied on certain

cotton by the writ of execution issued on the judgment. Linder foreclosed a landlord's lien for rent against Fuller and caused the sum to be levied on the cotton. Fuller replevied the property levied on, and made his forthcoming bond with Linder as surety thereon. The day of sale having arrived, the property levied on was not forthcoming. The constable brought his action for the use of Schaefer, and recovered judgment against Fuller and Linder, the surety. Linder paid the money due on the judgment to the sheriff and gave him notice that he claimed the same on his lien for rent, which had been foreclosed. Upon a rule brought to distribute the fund, the court awarded the money to Schaefer, and to this ruling Linder excepted and brings the case here for review.

The only judgment or lien upon the fund was the judgment in favor of Schaefer. This judgment was against Linder himself; he discharged the same by paying the money to the sheriff. If the money should be paid back to Linder, it would leave Schaefer's judgment against him unpaid, and Schaefer might proceed to raise the money due thereon out of Linder's property ; and this demonstrates the absurdity of the position maintained by the plaintiff in error.

Judgment affirmed.